IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>PIPE PROS, LLC<br><br>*Defendant* | § § § § § § § § § § § § | <br><br><br><br>Civil Action No. 2:15-cv-65<br><br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

ORIGINAL COLLECTIVE ACTION COMPLAINT

Johnny Gonzales brings this action individually and on behalf of all Operators (hereinafter "Plaintiff and the Potential Class Members") employed by Defendant Pipe Pros, LLC (hereinafter "Pipe Pros"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

I.
OVERVIEW

1.1    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2    Plaintiff and the Potential Class Members are those persons who worked as Operators for Defendant Pipe Pros within the last three years.

1.3    Plaintiff and the Potential Class Members were paid a fixed salary plus an hourly non-discretionary job bonus for all hours worked in the field.[1]

---

[1] Upon information and belief, Plaintiff Gonzales received $12.00 an hour—in addition to his salary—for all hours worked in the field.

1.4     The FLSA requires that all forms of compensation—including non-discretionary bonuses like the $12.00 per hour field pay—be included in the calculation of the regular rate of pay for overtime purposes.

1.5     Plaintiff and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.6     Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.7     The decision by Defendant Pipe Pros not to pay overtime compensation to Plaintiff and the Potential Class Members was neither reasonable nor in good faith.

1.8     Defendant Pipe Pros knowingly and deliberately failed to compensate Plaintiff and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.9     Plaintiff and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[2]

1.10    Plaintiff and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.11    Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[2] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

2.1     Plaintiff Johnny Gonzales ("Gonzales") is an individual who resides in Nueces County, Texas. Plaintiff Gonzales worked for Defendant Pipe Pros within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Gonzales did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

2.2     The Potential Class Members are those current and former Operators who work (or worked) for Defendant Pipe Pros in the past three years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

2.3     Pipe Pros, LLC ("Pipe Pros") is a Texas limited liability company, having its principal place of business in Corpus Christi, Nueces County, Texas. Defendant Pipe Pros may be served through its registered agent for service, Robert Horton, 100 Crescent Court, Suite 800, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendant Pipe Pros because the cause of action arose within this district as a result of Defendant Pipe Pros' conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendant Pipe Pros maintains its principal place of business in Corpus Christi, Nueces County, Texas and Plaintiff Gonzales resided in Nueces County, Texas throughout his employment with Defendant Pipe Pros.

---

[3] The written consent of Johnny Gonzales is attached hereto as Exhibit "A."

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendant Pipe Pros has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendant Pipe Pros has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendant Pipe Pros has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Potential Class Members' employment by Defendant Pipe Pros, these individuals provided services for Defendant Pipe Pros that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Potential Class Members are (or were) non-exempt employees—Operators—of Defendant Pipe Pros who were engaged in oilfield services that were

directly essential to the production of goods for Defendant Pipe Pros and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8 The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Operators employed by Pipe Pros, LLC, from January 29, 2012 to the present."

4.9 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant Pipe Pros.

## V.
## FACTS

5.1 Defendant Pipe Pros was founded in 2009 and is an energy services company focused on the installation of casing and tubing for new oil and natural gas well construction and the provision of tubing maintenance services for producing oil and natural gas wells.[4]

5.2 Defendant Pipe Pros currently has locations in Corpus Christi, Texas; Midland, Texas; Kilgore, Texas; and Lafayette, Louisiana.[5]

5.3 Plaintiff Gonzales was employed by Defendant Pipe Pros from approximately September 2013 through January 2015 in its Corpus Christi, Texas location.

5.4 Plaintiff Gonzales was paid a fixed salary plus an hourly non-discretionary job bonus for time worked at a well site/drilling location.[6]

---

[4] *See* http://pipe-pros.com/company-overview/.
[5] *See* http://pipe-pros.com/contact-us/.
[6] A true and correct copy of Plaintiff Gonzales' July 18, 2014 pay stub is attached hereto as Exhibit "B".

5.5     Plaintiff Gonzales also received a quarterly non-discretionary "safety" bonus in the amount of $500.00.[7] Upon information and belief, Plaintiff and the Potential Class Members received the quarterly safety bonuses on a regular (quarterly) basis.

5.6     Upon information and belief, Plaintiff and the Potential Class Members were required to work throughout the State of Texas and Louisiana.

5.7     Plaintiff and the Potential Class Members were not required to have an advanced degree to work for Defendant Pipe Pros. In fact, Defendant Pipe Pros regularly hired (and continues to hire) employees with only a high school diploma (or less).

5.8     Plaintiff and the Potential Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.9     Plaintiff and the Potential Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.10    Plaintiffs and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.11    Plaintiff and the Potential Class Members work long hours. Specifically, these individuals regularly worked (and continue to work) more than 12 hours in a day, and more than 80 hours in a week.

5.12    Upon information and belief, the non-discretionary bonuses paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder (and safer) and to reward them for their hard (and safe) work.

---

[7] *Id.*

5.13    Upon information and belief, the non-discretionary bonuses were based upon a pre-determined formula established by Defendant Pipe Pros. Moreover, specific criteria had to be met in order to receive the job bonuses.

5.14    When Plaintiff and the Potential Class Members met the criteria, they were entitled to receive the job bonuses.

5.15    Upon information and belief, Plaintiff and the Potential Class Members received these non-discretionary bonuses on a regular and frequent basis.

5.16    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.17    Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.18    Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Potential Class Members' regular rates of pay before any and all overtime multipliers were applied.

5.19    Not only did Defendant Pipe Pros fail to include these non-discretionary job bonuses in their employees' regular rates of pay before applying any and all overtime multipliers, Defendant Pipe Pros did not pay any overtime at all for work in excess of forty (40) hours per week.

5.20    Accordingly, Defendant Pipe Pros' pay policies and practices violate the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendant Pipe Pros violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer

than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendant Pipe Pros knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendant Pipe Pros knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendant Pipe Pros is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant Pipe Pros to pay according to the law.

6.6     The decision and practice by Defendant Pipe Pros to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Defendant Pipe Pros' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Potential Class Members are "all Operators employed by Pipe Pros, LLC, from January 29, 2012 to the present."

6.11　Defendant Pipe Pros' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

6.12　Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

6.13　The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.14　All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15　Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Potential Class Members are blue-collar oilfield workers entitled to overtime after 40 hours in a week.

6.16　Defendant Pipe Pros employed a substantial number of Operators in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, Operators may work in different states across the country in the course of a given year.

6.17　Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendant Pipe Pros will retain the proceeds of its rampant violations.

6.18　Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL OPERATORS EMPLOYED BY PIPE PROS, LLC, FROM JANUARY 29, 2012 THROUGH THE PRESENT.**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against Defendant Pipe Pros as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant Pipe Pros to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant Pipe Pros liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendant Pipe Pros; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone:  361/653-3300
Facsimile: 361/653-3333

AND

Timothy D. Raub
Federal I.D. No. 22942
Texas Bar No. 00789570
timraub@raublawfirm.com
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/880-8181
Facsimile: 361/887-6521

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND POTENTIAL CLASS MEMBERS**