IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES, Individually and on behalf of all others similarly situated<br>*Plaintiff*,<br><br>v.<br><br>PIPE PROS, LLC<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 2:15-cv-65 |

## DEFENDANT PIPE PROS, LLC'S ANSWER TO
## ORIGINAL COLLECTIVE ACTION COMPLAINT

Pipe Pros, LLC (hereinafter, "Pipe Pros"), by and through its attorneys, responds to Plaintiff Johnny Gonzales' (hereinafter, "Plaintiff") Original Collective Action Complaint (hereinafter, "Complaint") as follows:

### RESPONSE TO ENUMERATED ALLEGATIONS

Without waiving the defenses set forth herein, but insisting and relying upon each of them, and answering that all allegations in the Complaint are specifically denied unless otherwise admitted, Defendant responds to the individually numbered paragraphs of the Complaint as follows:

### I.
### OVERVIEW

1.1   Defendant admits that Plaintiff has filed suit seeking overtime wages and requested a collective action. Defendant denies that the alleged collective action and/or class is proper.

1.2   Defendant denies that Plaintiff's alleged class is a proper class for collective consideration.

1.3     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 1.3 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

1.4     The allegation contained in paragraph 1.4 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

1.5     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 1.5 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

1.6     Defendant admits that Plaintiff was not paid overtime. Defendant denies that Plaintiff was due overtime. Defendant is without sufficient information and/or knowledge to admit or deny the remaining allegations contained in paragraph 1.6 regarding the makeup of the potential class.

1.7     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 1.7 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 1.7 of the Complaint.

1.8     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 1.8 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 1.8 of the Complaint.

1.9     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 1.9 regarding the makeup of the potential class, and,

therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 1.9 of the Complaint.

1.10    Defendant admits that Plaintiff is seeking damages. Defendant denies that Plaintiff is entitled to any damages.

1.11    Defendant denies that notice is proper in this case.

## II.
## PARTIES

2.1    Defendant admits that Plaintiff worked for Defendant. Defendant denies that Plaintiff was improperly compensated by Defendant. Defendant is without sufficient information and/or knowledge to admit or deny the remaining allegations contained in paragraph 2.1, and, therefore, denies these allegations for pleading purposes.

2.2    Defendant denies that a three year statute of limitations is proper in this case. Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 2.2 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

2.3    Defendant admits the allegations contained in paragraph 2.3 of the Complaint.

## III.
## JURISDICTION AND VENUE

3.1    Defendant admits the allegations contained in paragraph 3.1 of the Complaint.

3.2    Defendant admits the allegations contained in paragraph 3.2 of the Complaint.

3.3    Defendant admits the allegations contained in paragraph 3.3 of the Complaint.

3.4    Defendant admits the that its principal place of business is in Corpus Christi, Texas. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 3.4 of the Complaint.

3.5     Defendant admits the allegations contained in paragraph 3.5 of the Complaint.

## IV.
## FLSA COVERAGE

4.1     The allegation contained in paragraph 4.1 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

4.2     The allegation contained in paragraph 4.2 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

4.3     Defendant admits that it has employees engaged in commerce and it had annual gross volume of sales exceeding $500,000. The remaining allegations contained in paragraph 4.3 of the Complaint are a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

4.4     Defendant admits that Plaintiff provided services on behalf of Defendant. Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 4.4 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

4.5     The allegation contained in paragraph 4.5 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

4.6     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 4.6 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 4.6 of the Complaint.

4.7     Defendant admits that Plaintiff was an employee of Defendant. The remaining allegations contained in paragraph 4.7 of the Complaint are a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

4.8     Defendant denies that Plaintiff's alleged class is a proper class for collective consideration.

4.9     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 4.9 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

## V.
## FACTS

5.1     Defendant admits the allegations contained in paragraph 5.1 of the Complaint.

5.2     Defendant admits the allegations contained in paragraph 5.2 of the Complaint.

5.3     Defendant admits the allegations contained in paragraph 5.3 of the Complaint.

5.4     Defendant admits that Plaintiff was paid a monthly salary. Defendant denies that Plaintiff was paid a non-discretionary bonus.

5.5     Defendant admits that on occasion Plaintiff received a safety bonus. Defendant denies the remaining allegations contained in paragraph 5.5 of the Complaint.

5.6     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.6 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes.

5.7     The allegations contained in paragraph 5.7 are vague and ambiguous as to the definition of "advanced degree" and the positions of the "employees" being hired. Accordingly,

Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.7, and, therefore, denies these allegations for pleading purposes.

5.8     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.8 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 5.8 of the Complaint.

5.9     Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.9 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 5.9 of the Complaint.

5.10    Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.10 regarding the makeup of the potential class, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 5.10 of the Complaint.

5.11    The allegations contained in paragraph 5.11 are vague and ambiguous with respect to the use of "long hours" and/or the makeup of the potential class. Accordingly, Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.11, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 5.10 of the Complaint.

5.12    Defendant denies the allegations contained in paragraph 5.12 of the Complaint.

5.13    The allegations contained in paragraph 5.13 are vague and ambiguous with respect to the use of "pre-determined formula" and "specific criteria." Accordingly, Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in

MHDocs 5983855_1 15530.2

paragraph 5.13, and, therefore, denies these allegations for pleading purposes. Defendant denies the remaining allegations contained in paragraph 5.13.

5.14   Defendant denies the allegations contained in paragraph 5.14 of the Complaint.

5.15   The allegations contained in paragraph 5.15 are vague and ambiguous with respect to the use of "regular and frequent basis." Accordingly, Defendant is without sufficient information and/or knowledge to admit or deny the allegations contained in paragraph 5.15, and, therefore, denies these allegations for pleading purposes.

5.16   The allegation contained in paragraph 5.16 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

5.17   The allegation contained in paragraph 5.17 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

5.18   The allegation contained in paragraph 5.18 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

5.19   The allegation contained in paragraph 5.19 of the Complaint is a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegation for pleading purposes.

5.20   Defendant denies the allegations contained in paragraph 5.20.

## VI.
## CAUSES OF ACTION

6.1   Defendant denies the allegations contained in paragraph 6.1 of the Complaint.

6.2   Defendant denies the allegations contained in paragraph 6.2 of the Complaint.

6.3     Defendant denies the allegations contained in paragraph 6.3 of the Complaint.

6.4     The allegations contained in paragraph 6.4 of the Complaint are a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegations for pleading purposes

6.5     The allegations contained in paragraph 6.5 of the Complaint are a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegations for pleading purposes.

6.6     The allegations contained in paragraph 6.6 of the Complaint are a legal conclusion; therefore, no answer is necessary. In the event that an answer is required, Defendant denies the allegations for pleading purposes.

6.7     Defendant denies the allegations contained in paragraph 6.7 of the Complaint.

6.8     Defendant admits that Plaintiff seeks a collective action. Defendant denies this case is proper for collective treatment.

6.9     Defendant denies the allegations contained in paragraph 6.9 of the Complaint.

6.10    Defendant admits that Plaintiff seeks a collective action. Defendant denies the remaining allegations contained in paragraph 6.10 of the Complaint.

6.11    Defendant denies the allegations contained in paragraph 6.11 of the Complaint.

6.12    Defendant denies the allegations contained in paragraph 6.12 of the Complaint.

6.13    Defendant denies the allegations contained in paragraph 6.13 of the Complaint.

6.14    The allegations contained in paragraph 6.14 of the Complaint are a legal conclusion; therefore, no answer is necessary.  In the event that an answer is required, Defendant denies the allegations for pleading purposes.

6.15    Defendant denies the allegations contained in paragraph 6.15 of the Complaint.

6.16    Defendant admits that it employees operators who work in multiple U.S. states. The allegations contained in paragraph 6.16 of the Complaint are vague and ambiguous with respect to the use of "substantial number." Accordingly, Defendant is without sufficient information and/or knowledge to admit or deny the allegations, and, therefore, denies the remaining allegations for pleading purposes.

6.17    Defendant denies the allegations contained in paragraph 6.17 of the Complaint.

6.18    Defendant denies the allegations contained in paragraph 6.18 of the Complaint.

6.19    Defendant denies the allegations contained in paragraph 6.19 of the Complaint.

## VII.
## PRAYER

7.1    Defendant is not required to respond to Plaintiff's relief requested. However, to the extent the relief requested asserts allegations, Defendant denies every allegation contained therein and denies Plaintiff is entitled to any of the requested relief.

## I.    AFFIRMATIVE AND ADDITIONAL DEFENSES

The following affirmative and additional defenses are alleged on information and belief by Defendant.  As expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein, and to each other person on whose behalf this action is being prosecuted.  Defendant reserves the right to amend or withdraw any or all defenses or to raise any and all additional defenses as or after they may become known during or after the course of investigation, discovery or trial.

No assertion of any affirmative defense shall constitute either an admission that Plaintiff does not bear the burden of proof of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiffs bear the burden of proof or the burden of

producing evidence as a matter of law, or a waiver of any of Defendant's rights to require that Plaintiff satisfies any burden of proof or burden of producing evidence.

### FIRST DEFENSE

Plaintiff's purported collective claim should be dismissed because Plaintiff has failed to properly identify similarly situated individuals and his definition or description of the "class" is insufficient and does not meet the pleading standards required by Rule 8 of the Federal Rule of Civil Procedure and the United States Supreme Court.

### SECOND DEFENSE

Plaintiff's collective claim is barred because a class action is not superior to other available methods for the fair and efficient adjudication of this controversy. Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

### THIRD DEFENSE

Defendant's actions with regard to the subject matter alleged in the Complaint were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of engaging in and continuing Defendant's business.  Specifically, Defendant's actions were based upon a reasonable, good faith belief that such actions were not in violation of the FLSA and, therefore, neither liquidated damages nor a three (3) year statute of limitations is warranted.

### FOURTH DEFENSE

Plaintiff's collective claim is barred by the applicable statute of limitations, including but not limited to those set forth in the FLSA.  Specifically, because Defendant did not willfully violate the FLSA, a two (2)-year statute of limitations applies to Plaintiff's claim to the extent that the FLSA applies at all, which Defendant contests.

## FIFTH DEFENSE

Plaintiff's collective claim is barred, in whole or in part, by the Doctrines of Estoppel and Waiver because Plaintiff was aware of his classification as an exempt employee, agreed to the classification, and remained silent during his employment.

## SIXTH DEFENSE

Plaintiff's collective claim is barred, in whole or in part, by the Doctrine of Unclean Hands because Plaintiff was aware of his classification as an exempt employee, agreed to the classification, and remained silent during his employment.

## SEVENTH DEFENSE

Plaintiff's collective claim is barred, in whole or in part, by the Doctrines of Payment, Accord and Satisfaction, License, Release, Setoff, Offset and Recoupment.  Plaintiff was fully paid for his work. Further, Plaintiff was aware of his classification as an exempt employee, agreed to the classification, and remained silent during his employment.

## EIGHTH DEFENSE

Plaintiff's collective claim is barred, in whole or in part, by 29 U.S.C. § 259 because actions taken in connection with Plaintiff's compensation were done in good faith and in conformity with and in reliance upon industry custom, administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

MHDocs 5983855_1 15530.2

## NINTH DEFENSE

The Complaint and each purported cause of action set forth therein is barred to the extent that Plaintiff received proper payment for all time worked, and uncompensated time, if any, was *de minimus* and not compensable under the FLSA.

## TENTH DEFENSE

Defendant denies that any wages, overtime wages or other compensation is owed to Plaintiff. However, if Plaintiff is ultimately determined to be entitled to wages, overtime wages or other compensation, Defendant is entitled to offset all or part of the compensation or funds paid to or procured by Plaintiff to which he had no entitlement.

## ELEVENTH DEFENSE

Plaintiff's collective claim is barred because the activities for which Plaintiff seeks compensation were not "work" within the meaning of the FLSA, including but not limited to sleep time, meal time, break periods, and other non-work-related activities.

## TWELFTH DEFENSE

Plaintiff's collective claim set forth in the Complaint are barred to the extent that Plaintiff received proper payment for all hours worked because Defendant paid Plaintiff at or above the federal minimum hourly wage for each hour worked pursuant to the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

## THIRTEENTH DEFENSE

Plaintiff's collective claim is barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, to the extent they involve hours during which Plaintiff was engaged (i) in walking, riding or traveling to and from the actual place(s) he performed the principal activities

he performed, or (ii) in activities which were preliminary or postliminary to their principal activities.

### FOURTEENTH DEFENSE

Plaintiff's collective claim is barred because Plaintiff and the putative class members are not "similarly situated" for purposes of a class, representative, or collective action under the Fair Labor Standards Act. Accordingly, the collective action allegations should be stricken from the Complaint or dismissed.

### FIFTEENTH DEFENSE

Plaintiff's collective claim is barred as to such claims asserted on behalf of "similarly situated" individuals, if any, who do not give their consent in writing to become party Plaintiffs and/or whose express written consent is not filed with this Honorable Court at the appropriate time or whose consent is deficient or was unlawfully procured outside of this Honorable Court's notice procedures.

### SIXTEENTH DEFENSE

Plaintiff's collective claim is barred because Plaintiff lacks standing to represent the putative class members, because Plaintiff cannot fairly and adequately protect and represent the interests of the putative class members, and/or because Plaintiff is not fit or is not suitable to represent the proposed class due to his criminal background or otherwise.  Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint does not state facts that render them appropriate for class treatment in that the claim lacks commonality, individualized questions predominate, and/or the claim is inadequate, and Plaintiff is not a typical representative of the interests of the putative class.

Further, Plaintiff's collective claim should also be rejected on manageability grounds given that, among other things, Plaintiff's representative claim will necessarily require consideration of a myriad of facts specific to individuals who are not similarly situated such that a collective action is not the superior means of adjudication.

### EIGHTEENTH DEFENSE

Plaintiff's collective claim is barred because prosecution of separate actions by putative class members who are similarly situated, if any, would not create a risk of inconsistent or varying adjudications with respect to such putative class members which would establish incompatible standards of conduct for Defendants. Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

### NINETEENTH DEFENSE

Plaintiff's collective claim is barred because the prosecution of separate actions by putative class members who are similarly situated, if any, would not create a risk of adjudications with respect to putative class members which would, as a practical matter, be dispositive of the interests of the other putative class members not parties to the adjudications or substantially impair or impede their ability to protect their interests impracticable. Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

### TWENTIETH DEFENSE

Plaintiff's collective claim is barred because the questions of law or fact asserted to be common to the putative class members do not predominate over questions of law or fact affecting only individual putative class members on whose behalf Plaintiff purportedly proceeds. Accordingly, the collective action allegations should be stricken from the Complaint and/or dismissed.

## TWENTY-FIRST DEFENSE

Defendant asserts that Plaintiff and any class Plaintiffs were exempt employees and properly compensated under the FLSA.

## TWENTY-SECOND DEFENSE

Defendants reserves the right to amend or assert additional defenses as facts are developed in the course of additional investigation and discovery.

## II. DEMAND FOR JURY TRIAL

Defendant asserts their right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues which are not issues of law for the Court to determine.

## III. PRAYER

**WHEREFORE, Defendants pray for judgment as follows:**

- For judgment against Plaintiff on all claims for relief;
- For an award of Defendant's reasonable costs, attorney's fees, and expenses incurred in connection with this lawsuit; and
- For all other and further relief to which Defendant may be entitled.

DATED: March 2, 2015.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Daniel D. Pipitone*
     **Daniel D. Pipitone**
     Texas Bar No. 16024600
     700 Milam Street, Suite 2700
     Houston, Texas 77002
     Tel:   (713) 222-4060
     Fax:  (713) 222-5813
     dpipitone@munsch.com

**OF COUNSEL:**
**Munsch Hart Kopf & Harr**
700 Milam Street, Suite 2700
Houston, Texas 77002

**Michael A. Harvey**
Texas Bar No. 24058352
700 Milam Street, Suite 2700
Houston, Texas 77002
Tel:  (713) 222-4015
Fax: (713) 222-5835
mharvey@munsch.com

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of ECF this 2nd day of March, 2015:

Clif Alexander
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

Timothy D. Raub
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401

                */s/ Daniel D. Pipitone*
                Daniel D. Pipitone