IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES,<br>Individually and on behalf<br>of all others similarly situated<br><br>    *Plaintiff*,<br><br>v.<br><br>PIPE PROS, LLC<br><br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 2:15-CV-00065<br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
PURSUANT TO RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

    The conference was held telephonically on April 1, 2015.

    Clif Alexander attended on behalf of Plaintiff and the Potential Class Members ("Plaintiffs").

    Dan Pipitone and Michael Harvey attended on behalf of Defendant Pipe Pros, LLC ("Pipe Pros").

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

    None at this time.

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

    Plaintiffs' Contentions:

    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

    Plaintiffs are those persons who are current and former Operators that worked for Defendant Pipe Pros from January 29, 2012 through the present.

Plaintiffs regularly worked in excess of 40 hours per workweek without being properly compensated for all overtime hours worked.

Plaintiffs did not and currently do not perform work that meets the definition of exempt work under the FLSA.

Defendant's Contentions:

Defendant denies that Plaintiff was improperly compensated under the FLSA. Defendant further denies that this matter is proper for collective treatment.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.**

   This suit is brought as a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

   The parties agree that this Court has jurisdiction because this case presents a federal question under the FLSA.

5. **List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation.**

   Plaintiffs:

   Operators who worked for Defendant Pipe Pros from January 29, 2012 through the present will be added throughout the pendency of this litigation as each consent form is filed with this Court pursuant to 29 U.S.C. § 216(b).

6. **List any anticipated interventions.**

   Plaintiffs:

   None at this time.

   Defendant:

   None at this time.

7. **If this is a class action, describe any issues regarding certification of the class.**

   Although this is not a class action, but a collective action pursuant to 29 U.S.C. § 216(b), there are some issues similar to a class action that must be addressed; such as, the appropriate designation of the potential collective members, the structure of the notice to the potential members, the delivery to the potential members and the deadline in which to respond.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                                                                      Page 2

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   All parties will exchange their Initial Disclosures within the time period prescribed by Rule 26(a).

9. **Describe the proposed discovery plan the parties have agreed upon, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   None at this time.

   B. **When and to whom Plaintiffs anticipate sending interrogatories.**

   Plaintiffs anticipate sending interrogatories to Defendant Pipe Pro's management personnel and their corporate representatives, including but not limited to, the following:

   1. Pipe Pros, LLC

   Plaintiffs anticipate sending interrogatories no later than thirty days before the discovery deadline.

   C. **When and to whom Defendant(s) anticipate(s) sending interrogatories.**

   Defendant anticipates propounding interrogatories to Plaintiff within (60) days of the Scheduling Conference.

   **When and from whom Plaintiff(s) anticipate(s) taking oral depositions.**

   Plaintiffs anticipate taking oral depositions of various current and former employees of Defendant Pipe Pros and its management personnel. Their identities are not yet known.

   Plaintiffs also anticipate taking the oral depositions of Defendant Pipe Pro's corporate representatives, including but not limited to, the following:

   1. Pipe Pros, LLC

   Plaintiffs anticipate deposing such witnesses after substantial written discovery has been answered. Additionally, Plaintiffs anticipate deposing any defense expert witnesses who may be designated within the time prescribed by the scheduling order.

   D. **When and from whom Defendant(s) anticipate(s) taking oral depositions.**

   Defendant anticipates deposing fact witnesses within on hundred twenty (120) days following their identification by Plaintiff.

    **E.**    **When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will be in a position to designate experts prior to the anticipated completion date for discovery, assuming Plaintiffs have received documents responsive to Plaintiffs' discovery and have deposed the appropriate management and corporate representatives of Defendant Pipe Pros.

The parties agree to a tentative deadline of September 1, 2015 for the designation of experts of all parties, with a rebuttal expert deadline of October 2, 2015.

    **F.**    **List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.**

Plaintiffs anticipate taking the depositions of Defendant Pipe Pro's expert(s) (if any) prior to the anticipated completion date for discovery. Identities of such experts are not yet known, but may include one or more liability and damages experts.

    **G.**    **List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**

Defendant anticipates deposing Plaintiff's expert witness within sixty (60) days of Plaintiff's designation.

**10.**    **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

None at this time.

**11.**    **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

<u>Plaintiffs</u>:

Plaintiffs have not completed any discovery to date.

<u>Defendant</u>:

Defendant Pipe Pros has not completed any discovery to date.

**12.**    **State the date the planned discovery can reasonably be completed.**

The parties believe that discovery can be reasonably completed by November 1, 2015.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**    Page 4

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

    The parties agree they should consider the possibility of mediation at an early stage in the case, but no later than after both parties have completed initial discovery.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non- jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

    All Parties do not consent.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**

    A jury demand was made with the Original Collective Action Complaint (D.E. 1) filed on January 29, 2015.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

    The parties believe this case will take between 40 and 50 hours to present the evidence in the case.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

    Plaintiffs:

    None at this time.

    Defendant:

    None at this time.

18. **List other pending motions.**

    None at this time.

19. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

    Plaintiffs:

    None at this time.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**  Page 5

Defendant:

None at this time.

20. **Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.**

    Plaintiffs:

    Certificate of Interested Parties (D.E. 4) filed on February 13, 2015.

    Defendant:

    Certificate of Interested Parties (D.E. 7) filed on March 19, 2015.

21. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

    Attorneys for Plaintiffs:

    Clif Alexander
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    calexander@swhhb.com

    Craig M. Sico
    Federal I.D. No. 13540
    Texas Bar No. 18339850
    csico@swhhb.com

    Roger S. Braugh, Jr.
    Federal I.D. No. 21326
    Texas Bar No. 00796244
    rbraugh@swhhb.com

    SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
    802 N. Carancahua, Suite 900
    Corpus Christi, Texas 78401
    Telephone: 361/653-3300
    Facsimile: 361/653-3333

Timothy D. Raub
Federal I.D. No. 22942
Texas Bar No. 00789570
timraub@raublawfirm.com
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/880-8181
Facsimile: 361/887-6521

Attorneys for Defendant Pipe Pros, LLC:

Daniel Douglas Pipitone
Texas Bar No. 16024600
dpipitone@munsch.com

Michael A. Harvey
Texas Bar No. 24058352
mharvey@munsch.com

MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: 713/222-4060
Facsimile: 713/222-5813

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

| | |
|---|---|
| /s/ Clif Alexander | 4/1/15 |
| Counsel for Plaintiffs | Date |
| | |
| /s/ Michael A. Harvey | 4/1/15 |
| Counsel for Defendant | Date |