IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>PIPE PROS, LLC<br><br>*Defendant* | § § § § § § § § § § § § | <br><br><br><br>Civil Action No. 2:15-cv-65<br><br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S OPPOSED MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND REQUEST FOR NOTICE TO POTENTIAL CLASS MEMBERS**

Johnny Gonzales, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Potential Class Members"), files this Opposed Motion for Certification of Collective Action and Request for Notice to Potential Class Members and would show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

Plaintiff Gonzales has filed a Fair Labor Standards Act ("FLSA") claim against Defendant Pipe Pros, LLC ("Pipe Pros") to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs owed to current and former Operators who were paid a salary for all hours worked in addition to non-discretionary hourly job bonuses because Pipe Pros failed to pay proper overtime compensation. Further, Plaintiff and the Potential Class Members did not perform work that meets the definition of exempt work under the FLSA.[1]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

Pursuant to Section 216(b) of the FLSA, Plaintiff Gonzales moves for conditional certification of his back wage and misclassification claims against Pipe Pros. 29 U.S.C. § 216(b). Specifically, Plaintiff seeks conditional certification of a collective action consisting of, and judicially approved notice to, the following group of workers:

> **ALL OPERATORS WHO WORKED FOR PIPE PROS, LLC FROM JANUARY 29, 2012 TO THE PRESENT, AND WERE PAID A SALARY PLUS A JOB BONUS BUT DID NOT RECEIVE OVERTIME**

For the reasons below, conditional certification is more than appropriate because additional Operators who were employed by Pipe Pros are "similarly situated" in terms of their job titles, duties and compensation. Specifically, all of Pipe Pros' Operators have been and continue to be denied overtime pay as a result of a single corporate policy that uniformly classifies them as exempt employees, regardless of their duties, location, or any other independent factors. Plaintiff Gonzales' Motion for Conditional Certification, the evidence attached in support, and the pleading on file confirm the existence of widely applicable corporate pay policies affecting a distinct group of current and former employees – the Potential Class Members. Accordingly, Plaintiff Gonzales seeks to proceed in this FLSA action collectively with other similarly situated Operators who worked for Pipe Pros at any time in the last three years.

Plaintiff Gonzales meets the lenient standard for conditional certification and notice should be issued to the Potential Class Members immediately in order to promote the broad remedial purposes of the FLSA and to prevent the wasting of viable claims for unpaid wages. In FLSA collective actions, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)). That is, the "limitations period is not tolled with respect to other potential plaintiffs unless and until they opt-in to the case." *Quintanilla v. A & R Demolition, Inc.*, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). For that reason—and because the Potential

Class Members have compelling FLSA claims on the merits—it is both sensible and in the interest of justice to expeditiously grant Plaintiff's Motion for Certification of Collective Action and Request for Notice to Potential Class Members.

Accordingly, Plaintiff Gonzales respectfully requests that the Court: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all Potential Class Members; (3) approve the form and content of Plaintiff's proposed judicial notice and reminder notice; (4) order Pipe Pros to produce to Plaintiff's counsel the contact information for each Potential Class Member; (5) authorize a sixty (60) day notice period for Potential Class Members to join the case; and (6) authorize notice to be sent via First Class Mail, e-mail, and telephone to the Potential Class Members.

## II.
## EVIDENCE

1. **Exhibit A**— Declaration of Johnny Gonzales

2. **Exhibit B**—Sample of Pay Records from Plaintiff Johnny Gonzales

3. **Exhibit C**—Proposed Notice and Consent Form

4. **Exhibit D**—*Thomas et al v. HCC—High Capacity Coil, LLC*, No. 14-cv-00017 (S.D. Tex. Aug. 15, 2014) (Ramos, J.) ECF Nos. 33 and 36

5. **Exhibit E**—*Hansen v. Total Screen Solutions, Inc., et al.*, No. 13-cv-000242 (S.D. Tex. May 27, 2014) (Ramos, J.) ECF No. 96

6. **Exhibit F**—*Durbin v. Advanced Pipeline Services, LLC*, No. 13-cv-00136 (S.D. Tex. Jan. 13, 2014) (Ramos, J.) ECF No. 34

7. **Exhibit G**—*Moore v. Bottom Line Services, LLC*, No. 13-cv-00121 (S.D. Tex. Nov. 4, 2013) (Ramos, J.) ECF No. 26

8. **Exhibit H**—*Lopez v. Allis-Chalmers Energy, Inc., et al.*, No. 11-cv-00353 (S.D. Tex. Feb. 8 and April 20, 2012) (Ramos, J.) ECF Nos. 15 and 92

9. **Exhibit I**—*Martinez v. Refinery Terminal Fire Company*, No. 11-cv-00295 (S.D. Tex. Jan. 25, 2012) (Ramos, J.) ECF No. 54

## III.
## FACTUAL BACKGROUND

A.     **PIPE PROS' OPERATIONS IN TEXAS AND LOUISIANA**

Pipe Pros is an energy services company that provides casing and tubing for new oil and natural gas well construction and the provision of tubing maintenance services for producing oil and natural gas wells.[2] During the relevant window of recovery, Pipe Pros maintained (and continues to maintain) offices in Corpus Christi, Texas; Midland, Texas; Kilgore, Texas; and Lafayette, Louisiana.[3]

B.     **REPRESENTATIVE PLAINTIFF AND THE POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED**

Plaintiff and the Potential Class Members worked as Operators for Pipe Pros throughout Texas and Louisiana during the past three years. Specifically, Plaintiff worked for Pipe Pros from approximately September 2013 until January 1, 2015 as a Tong Operator and a Tripper Operator. Gonzales Dec., ¶¶ 4 and 5. Plaintiff and the Potential Class Members were typically scheduled to work a fourteen (14) to sixteen (16) hour shift each workday. *Id.* at ¶ 10.

Plaintiff and the Potential Class Members all received a base salary for all of the hours they worked in a single week. *Id.* at ¶ 6. In addition to a fixed salary, Pipe Pros paid its Operators non-discretionary hourly job bonuses and quarterly non-discretionary safety bonuses. *Id.* at ¶¶ 6 thru 8; *see also* Exhibit "B." The hourly job bonuses were paid for every hour worked at a well site / drilling location. *Id.* at ¶ 4; *see also* Exhibit "B." And while Plaintiff and some Potential Class Members received $12.00 per hour and some received slightly higher or lower hourly job bonus amounts, all hourly job bonuses were intended for the same purpose—reward the Operators for their hard work and efficiency in completing a job. *Id.* at ¶ 7.

---

[2] *See* Pipe Pros, LLC website (http://pipe-pros.com/company-overview/).
[3] *See* Pipe Pros, LLC website (http://pipe-pros.com/contact-us/).

Because Pipe Pros misclassified Plaintiff and the Potential Class Members as being exempt from overtime, Pipe Pros did not include the hourly job bonus or quarterly safety bonus amounts in the calculation of the regular rate of pay for purposes of determining the FLSA overtime rate. *Id.* at ¶ 10. As a result, each week that Plaintiff and Potential Class Members worked more than 40 hours per week, they were not paid one-and-one-half times their regular rate of pay.

## IV.
## ISSUE PRESENTED

The issue herein is whether the Potential Class Members—current and former Operators—should be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation. The merits of Plaintiff Gonzales' claims or Pipe Pros' common defenses is not before the Court and is not an appropriate inquiry for purposes of conditional certification. *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (courts do not review the "underlying merits" at the notice stage); *see also McKnight v. D. Hous., Inc.*, 756 F.Supp.2d 794, 802 (S.D. Tex. 2010) (Neither stage of certification is an opportunity for the court to assess the merits of the claims by deciding factual disputes or making credibility determinations.)

## V.
## FLSA WAGE REGULATIONS

**A.    SECTION 207 OF THE FLSA REQUIRES ALL WAGES TO BE INCLUDED IN THE REGULAR RATE CALCULATION FOR PURPOSES OF DETERMINING OVERTIME**

The FLSA requires that non-exempt employees who work more than forty hours in a workweek be paid at one-and-one-half times their "regular rate" of pay. 29 U.S.C. § 207(a)(1). The FLSA broadly defines "regular rate" as the hourly rate actually paid to the employee for "all remuneration for employment." 29 U.S.C. § 207(e); *see also Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944). The "regular rate" for purposes of overtime under the FLSA is an hourly rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). When employees are paid on a non-

hourly basis, the regular rate is determined by dividing the total remuneration by the amount of hours actually worked. 29 C.F.R. § 778.109. The regular rate is multiplied by one-and-one-half to determine the rate of pay for the employee's overtime hours. 29 U.S.C. § 207(a)(1).

The general rule is that the "regular rate" includes "all remuneration." 29 U.S.C. § 207(e). However, the FLSA also specifies the forms of compensation that an employer may exclude from the regular rate when calculating overtime pay. *Id.* Section 207(e) enumerates eight exemptions from the general rule. *Id.*

> Among these excludable payments are discretionary bonuses, gifts and payments in the nature of gifts on special occasions, contributions by the employer to certain welfare plans and payments made by the employer pursuant to certain profit-sharing, thrift and savings plans.

29 C.F.R. § 778.208; *see, e.g.*, 29 C.F.R. § 778.211—214. All other forms of remuneration not listed under Section 207(e) must be included in the regular rate. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.200(c). Here, Plaintiff and the Potential Class Members received non-discretionary hourly job bonuses and quarterly safety bonuses that should have been included in the calculation of the regular rate.

## VI.
## ARGUMENT AND AUTHORITY

A.  **LEGAL STANDARD FOR SECTION 216(B) NOTICE TO POTENTIAL PLAINTIFFS**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify Potential Class Members that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder

of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-172.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp.889, 893 (D. Md. 1995). Plaintiffs' claims need not be identical to the potential opt-ins, they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994); *Betancourt v. Maxim Healthcare Services, Inc.*, 2011 WL 1548964 (N.D. Ill. April 21, 2011) (certifying a nationwide class of staffing recruiters); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002) (permitting nationwide notice to various categories of insurance adjusters); *Craig v. Rite Aid Corporation, et al.*, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009) (permitting notice to current and former assistant store managers); *Allen, et al. v. McWane, Inc.*, 2006 WL 3246531 (E.D. Tex.) (Ward, J.) (permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al. v. Big Lots Stores, Inc.*, CA 5:04-cv-00238-DF (E.D. Tex. Aug. 8, 2005) (Folsom, J.) (permitting a nationwide notice to furniture department managers). Indeed, plaintiffs need only to demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law).

### B. THE COURT SHOULD FOLLOW THE TWO-STAGE *LUSARDI* APPROACH IN ISSUING NOTICE TO POTENTIAL PLAINTIFFS

Under the well-established and widely accepted *Lusardi* approach, the court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2000) (citing

*Mooney*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *see also Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 465 (S.D. Tex. 2012). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Vargas v. The Richardson Trident Co.*, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010) (Harmon, J.) (noting the certification of collective actions is subject to a two-step process with a lenient standard that typically results in conditional certification of a representative class); *Cantu v. Vitol, Inc.*, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.); *Foraker v. Highpoint Southwest Servs., L.P.*, 2006 WL 2585047, at *3 (S.D. Tex. Sept. 7, 2006) (Atlas, J.).

In deciding whether notice should be issued, courts only require "substantial allegations that the putative class members were together **the victims of a single decision, policy, or plan**." *Mooney*, 54 F.3d at 1214, n. 8 (emphasis added). Doing the opposite would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F.Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. Jan. 5, 1988) ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

An employee need only show that he is suing his employer for himself and on behalf of other employees " similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096. It is important to note that the plaintiff's claims and positions need not be identical to the potential opt-ins' claims; <u>only similar</u>. *Grayson*, 79 F.3d at 1096; *Tucker*, 872 F.Supp. at 947; *Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, at *3 (S.D. Tex. May 2, 2008) ("[t]he positions need not be identical but similar."); (emphasis added). Indeed, this Court need only look to the following instruction from Southern District of Texas Judge Janis Jack:

> [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively.

*Tolentino v. C&J Spec-Rent Services, Inc.*, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (citing *Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)). Further, a plaintiff only needs to demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097. *See, e.g., Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) (Lake, J.) (one declaration and the complaint sufficient); *Alba v. Madden Bolt Corp.*, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (Hoyt, J.) (one declaration sufficient); *Villatoro v. Kim Son Restaurant*, 286 F.Supp.2d 807, 810-11 (S.D. Tex. 2003) (Atlas, J.) (one declaration plus employer documents sufficient).

At the second step, "following the completion of the opt-in process and further discovery, the defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the representative plaintiff (Johnny Gonzales) and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)); *Witteman v. Wisconsin Bell, Inc.*, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("If after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the classes into subclasses.").

Once the Court determines that the employees are similarly situated, notice is sent and new plaintiffs may "opt-in" to the lawsuit. *Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54 F.3d at 1214). Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche*, 493 U.S. at 172.

## C.   NOTICE IS APPROPRIATE ON THE FACTS PRESENTED BECAUSE THE POTENTIAL CLASS MEMBERS ARE SIMILARLY SITUATED

In order for notice to be issued, some evidence of "**a single decision, policy, or plan**" should be presented. *Collazo v. Forefront Educ., Inc.*, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010) (emphasis added); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) ("the presence of a single decision, policy, or plan is often good evidence that employers are similarly situated"); *see generally H&R Block, LTD. v. Housden & Beard*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (same). Proof of such a single practice can be provided through declarations of potential plaintiffs, identification of potential plaintiffs, and/or evidence of a widespread plan. *Id.* (citations omitted). In addition to these factors, some courts consider whether other individuals desire to opt-in and are similarly situated to those bringing the suit. *See, e.g., Flowers v. Mo's Steakhouse*, 2012 WL 1941755, at *2 (S.D. Tex. May 29, 2012); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Pedigo v. 3003 South Lamar, LLP*, 666 F.Supp.2d 693, 698 (W.D. Tex. 2009) ("[t]he joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist). However, courts that have not required a plaintiff make this showing have articulated four reasons for their decision. First, a demonstration that others want to join is not statutorily required. *See* 29 U.S.C. § 216(b); *Villarreal v. St. Luke's Episcopal Hosp.,* 751 F. Supp. 2d 902, 916 (S.D. Tex. Nov. 3, 2010); *Dreyer*, 2008 WL 5204149, at *3. Second, higher courts have not required, or even discussed, this requirement. *Villarreal*, 751 F. Supp. 2d at 916. Third, unlike a Rule 23 class action, there is no numerosity requirement in FLSA collective actions. *Id.* And fourth, requiring evidence of interest to join a class before an appropriate class is even determined "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." *Id.* (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985); *Dreyer*, 2008 WL 5204149, at *3. Accordingly, a demonstration that others are interested in opting-in should not be a prerequisite to issuing notice.

Moreover, "geographic commonality is not necessary to meet the 'similarly situated' requirement for a FLSA collective action; instead the focus is on whether the employees were impacted by a common policy. *Heeg*, 907 F. Supp. 2d at 863 (citing *Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *6 (S.D. Tex. Feb. 222, 2010) (collecting cases). "If there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate." *Id.* (quoting *Rueda v. Tecon Servs., Inc.*, 2011 WL 256607, at *4 (S.D. Tex. June 28, 2011)).

In this case, Plaintiff has more than met the lenient standard of showing that notice to the Potential Class Members is appropriate. The fact that Pipe Pros treated all Operators as exempt regardless of where they worked, which client they were working with, or any other individualized factors demonstrates that all of the individuals are similarly situated for purposes of conditional certification. *Nerland v. Carribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1023-24 (D. Minn. 2007) (holding company's "all or nothing" approach to exemption analysis of store manages counseled in favor of finding plaintiffs were similarly situated).

D. **MISCLASSIFICATION CASES ARE APPROPRIATE FOR CONDITIONAL CERTIFICATION**

Pipe Pros will likely argue that FLSA misclassification cases cannot be conditionally certified by suggesting the exemption inquiry is inherently "individualized" or "fact-intensive." This likely argument is a non-starter as courts do not weigh the merits of the underlying claims in determining whether a plaintiff is similarly situated to potential plaintiffs. *Heeg*, 907 F. Supp. 2d at 861 (S.D. Tex. 2012 (citation omitted); *McKnight*, 2010 WL 4806869, at *8 ("At this early stage, in a motion for conditional certification, it is not appropriate to require the plaintiff to produce evidence sufficient to survive summary judgment or to otherwise test the merits beyond the light burden of production to show potential class members are similarly situated."); *Ali v. Sugarland Petroleum*, 2009 WL

5173508, at *4 (S.D. Tex. Dec. 22, 2009) ("The Court's only task at the notice stage is to determine whether plaintiff is similarly situated to potential class members).

Blanket classification decisions like the one imposed by Pipe Pros are well suited for collective adjudication and are routinely granted. Indeed, courts routinely grant conditional certification where, as here, the plaintiff makes a "minimal showing" that notice is appropriate. *See, e.g., Thomas, et al. v. HCC—High Capacity Coil, LLC*, 2014 WL 4072136 (S.D. Tex. Aug. 15, 2014); *Yoakum v. PBK Architects, Inc.*, 2011 WL 4688714 (S.D. Tex. Oct. 4, 2011); *Ene, et al. v. Maxim Healthcare Services, Inc.*, C.A. No. H-09-2453 (S.D. Tex. March 2, 2010) (Smith, M.J.) (conditionally certifying nationwide class of misclassified healthcare recruiters); *Bell, et al. v. Citizen Financial Group, Inc.*, et al., 2010 WL 3463300 (W.D. Pa. 2010) (conditionally certifying misclassified group of Assistant Branch Managers as a putative class); *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 2010 WL 3447783 (W.D. Pa. Aug. 13, 2010) (MDL conditional certification of large class of Assistant Branch Managers of Enterprise Rent-A-Car subsidiaries); *Smallwood, et al. v. Illinois Bell Telephone Co.*, 710 F.Supp.2d 746 (N.D. Ill. 2010) (conditionally certifying misclassified, and subsequently reclassified, group of Outside Plant Managers as a putative class); *Wlotkowski, et al. v. Michigan Bell Telephone Co.*, 267 F.R.D. 213 (E.D. Mich. 2010) (conditionally certifying misclassified, and subsequently reclassified, group of Outside Plant Managers as a putative class); *Witteman, et al. v. Wisconsin Bell Co.*, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010) (conditionally certifying misclassified group of Outside Plant Managers a putative class); *Craig v. Rite Aid Corp.*, 2009 WL 4723286 (M.D. Pa. Dec. 9, 2009) (nationwide conditional certification of misclassified ASMs); *Jackson v. Papa John's USA, Inc.*, 2009 WL 385580 (N.D. Ohio Feb. 13, 2009) (conditionally certifying a class of misclassified Assistant Managers); *see also Figgs v. Kirby Corp. and Kirby Inland Marine, L.P.*, No. 3:11-cv-00306 (S.D. Tex. Dec. 7, 2011) (M.J. Froeschner) ECF No. 26; *Bryant v. Enterprise Products Partners, LP*, No. 3:11-cv-00296 (S.D. Tex. Feb. 24, 2012) (M.J. Froeschner) ECF No. 36.

Accordingly, this Court should authorize notice to the Potential Class Members and allow Plaintiff Gonzales to serve the Notice/Consent form attached hereto as Exhibit "C" on all Operators who were paid a salary for all hours worked plus non-discretionary hourly job bonuses and quarterly safety bonuses during the relevant window of recovery. Given the weight of the showing made by Plaintiff Gonzales, the issuance of Court-approved notice to the Potential Class Members is appropriate and well within the Court's discretion.

E. **THE STATUTE OF LIMITATIONS IS RUNNING ON POTENTIAL CLASS MEMBERS' VALUABLE AND VIABLE CLAIMS**

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the lawsuit, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id.*; see also 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffman-La Roche*, 493 U.S. at 170).

## VII.
## RELIEF SOUGHT

Plaintiff Gonzales seeks the issuance of notice to all potential plaintiffs and the disclosure of the names and contact information (including the addresses, email addresses and telephone numbers) of all current and former non-managerial field personnel employed by Pipe Pros during the relevant window of recovery.

A.     **PLAINTIFF'S PROPOSED SCHEDULE AND NOTICE/CONSENT FORM**

To facilitate the notice process and preserve the rights of those who have not yet opted-in (or learned of this lawsuit), Plaintiff Gonzales has attached a proposed Notice and Consent form to be approved by the Court.[4] These forms are based on various Notice and Consent forms previously approved by this Court and others within the Southern District of Texas, though they have been modified for this particular case.[5] Plaintiff Gonzales seeks to notify a group of potential plaintiffs described as follows:

**ALL OPERATORS WHO WORKED FOR PIPE PROS, LLC FROM JANUARY 29, 2012 TO THE PRESENT, AND WERE PAID A SALARY PLUS A JOB BONUS BUT DID NOT RECEIVE OVERTIME**

Additionally, Plaintiff Gonzales seeks an Order from this Court adopting the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| **14 Days from Order Approving Notice to Potential Class Members** | Pipe Pros to disclose the names, addresses, email addresses, and telephone numbers of all Operators employed at any time within the last years from the date the Original Complaint was filed. This information shall be provided in a usable electronic format. |
| **21 Days from Order Approving Notice to Potential Class Members** | Plaintiff's counsel shall send by mail and e-mail the Court-approved Notice and Consent Form to the Potential Class Members.<br><br>The Notice and Consent Form shall be sent in English and Spanish to the Potential Class Members. |

---

[4] Ex. C.
[5] Ex. D; *see also Hansen v. Total Screen Solutions, Inc., et al.*, No. 13-cv-00242 (S.D. Tex. May 27, 2014) (Ramos, J.) ECF No. 96 attached as Exhibit E; *Durbin v. Advanced Pipeline Services, LLC*, No. 13-cv-00136 (S.D. Tex. Jan. 13, 2014) (Ramos, J.) ECF No. 34 attached as Exhibit F; *Moore v. Bottom Line Services, LLC*, No. 13-cv-00121 (S.D. Tex. Nov. 4, 2013) (Ramos, J.) ECF No. 26 attached as Exhibit G; *Martinez v. Refinery Terminal Fire Company*, No. 11-cv-00295 (S.D. Tex. Jan. 25, 2012) (Ramos, J.) ECF No. 54 attached as Exhibit I.

| | |
|---|---|
| | Pipe Pros shall post a copy of the Notice and Consent Form on all job sites. |
| **60 Days from Notice is Mailed to Potential Class Members** | The Potential Class Members shall have 60 days to return their signed Consent forms for filing with the Court.<br><br>Pipe Pros may take down the posted Notice and Consent Form. |
| **30 Days from Notice is Mailed to Potential Class Members** | Plaintiff's Counsel is authorized to send by mail and e-mail a second identical copy of the Notice/Consent Form to the Potential Class Members reminding them of the deadline for the submission of the Consent forms.<br><br>Plaintiff's Counsel is authorized to call Potential Class Members to ensure the Consent forms were received. |

B.     **COURTS ROUTINELY REQUIRE THE PRODUCTION OF NAMES, ADDRESSES, E-MAIL ADDRESSES AND PHONE NUMBERS FOR THE NOTICE PROCESS**

Plaintiff Gonzales requests that the Court order Pipe Pros to provide counsel for Plaintiff and the Potential Class Members the names, current or last known addresses, e-mail addresses, and phone numbers for current and former employees fitting the description of the conditionally certified class. Courts routinely require defendants to produce the requested information and allow the issuance of notice through the requested conduits. *See Hansen v. Total Screen Solutions, Inc., et al.*, C.A. No. C-13-242 (S.D. Tex. May 27, 2014) (ECF No. 96) (Ramos, J.) (ordering the production of names, address, e-mail address and telephone numbers); *Martinez v. Refinery Terminal Fire Company*, C.A. No. C-11-295 (S.D. Tex. Jan. 25, 2012) (ECF No. 54) (Ramos, J.) (ordering the production of the same); *Lopez v. Allis-Chalmers Energy, Inc., et al.*, C.A. No. C-11-353 (S.D. Tex. April 20, 2012) (ECF No. 92) (ordering the production of the same); *Criswell v. Higman Marine Inc.*, No. G-12-36

(S.D. Tex. June 12, 2012) (Froeschner, M.J.) (ECF No. 25) (ordering the production of physical and email addresses).

### C. PIPE PROS IS PROHIBITED FROM DISCOURAGING CURRENT AND FORMER EMPLOYEES FROM JOINING THE LAWSUIT

While the FLSA expressly prohibits any type of retaliation or dissuasion by a defendant during a pending case, Plaintiff requests an order to this effect out of an abundance of caution. Plaintiff respectfully the Court order that "Defendant is hereby prohibited from communicating, directly or indirectly, with any current or former…employees about any matters which touch or concern the settlement of any outstanding wage claims, or other matters related to this suit, during the opt-in period. Defendant shall so instruct all of its managers. This order shall not restrict Defendant from discussing with any current employee matters that arise in the normal course of business. *Barnard v. Intertek USA Inc.*, C.A. No. 4:11-cv-02198, at *22-23 (S.D. Tex. May 2, 2012).

## VII.
## <u>CONCLUSION</u>

Plaintiff Gonzales has more than met his burden to show that other similarly situated individuals exist and are interested in asserting their claims. In order to facilitate the purposes of the FLSA's collective action provisions, Plaintiff Gonzales respectfully requests that the Court grant this Motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicially-approved notice be sent to all Potential Class Members; (3) approve the form and content of Plaintiff's proposed judicial notice and reminder notice; (4) order Pipe Pros to produce to Plaintiff's counsel the contact information (including the names, address, telephone number and e-mail address) for each Potential Class Member in a usable electronic format; (5) authorize a 60-day notice period for Potential Class Members to join the case; and (6) authorize notice to be sent via First Class Mail and email to the Potential Class Members.

Respectfully submitted,

By: /s/ *Clif Alexander*
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

AND

Timothy D. Raub
Federal I.D. No. 22942
Texas Bar No. 00789570
timraub@raublawfirm.com
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/880-8181
Facsimile: 361/887-6521

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND POTENTIAL CLASS MEMBERS**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with Pipe Pros' counsel. Pipe Pros' counsel indicated they are opposed to the filing of this Motion.

/s/ *Clif Alexander*
Clif Alexander

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of May 2015, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

Daniel Douglas Pipitone
Michael A. Harvey
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002

*Attorneys for Defendant Pipe Pros, LLC*

/s/ *Clif Alexander*
Clif Alexander