IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES, Individually and on behalf of all others similarly situated *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION 2:15-cv-65 |
| PIPE PROS, LLC *Defendant*. | § § § § | |

### DEFENDANT PIPE PROS, LLC'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Defendant Pipe Pros, LLC ("Pipe Pros") files this Surreply in Opposition to Plaintiff's Motion for Conditional Certification ("Plaintiff's Motion") and would respectfully show the Honorable Court as follows:

### I. INTRODUCTION

Despite already moving for a dissimilar, unmanageable, and largely unidentifiable putative class, Plaintiff's Reply now seeks to even further broaden the class. Yet, the Reply fails to provide any legally sufficient evidence of similarity. Instead, Plaintiff relies on conjecture, misstatement and distortion of his own testimony, and Defendant's affidavits to reach this untenable goal. Plaintiff's reply is an undeniable act of desperation in light of overwhelming dissimilarity that can aptly be described as "jumping the shark."

Behind its paper facade, the fact remains that Plaintiff's Motion for Conditional Certification failed to establish a class of similarly situated "Operators." *See* Defendant's Response to Conditional Certification. Further, Plaintiff's Reply fails to meet any conceivable standard for similarity with respect to the broader, unidentified class "of current and former Pipe Pros employees who were (and continue to be) subject to a company-wide illegal compensation

practice." *See* Plaintiff's Reply at p. 2. For these reasons, and those set forth in Defendant's Response, Plaintiff's Motion should be denied, and Plaintiff should, instead, pursue his purely personal claim individually.

## II. ARGUMENT & AUTHORITY

### A. The Burden is on Plaintiff to Establish Similarity.

Instead of proving its burden, Plaintiff's Reply spends considerable time and effort arguing that Defendant's Response distorts the applicable standard for conditional certification. *See* Plaintiff's Reply ¶ 2, A. Indeed, Plaintiff avoids its obligations by rehashing self-serving, cherry picked quotes and generalities with respect to the lenient standard.[1] *See* Plaintiff's Reply ¶ 2, A. Defendant simply asks the Court to hold Plaintiff to its burden regardless of whether the Court applies the lenient standard or the more stringent standard applicable to cases – such as the present case – where the opportunity to conduct discovery has occurred.[2]

Even applying the lenient standard *in arguendo*, Plaintiff still bears the burden to establish that he is similarly situated to the class as whole, not just a segment or subgroup of employees. As articulated by Judge Rosenthal in *McKnight v. D. Houston, Inc*, the correct burden on Plaintiff under the lenient standard is as follows:

> **At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.** *See Prater v. Commerce Equities Mgmt. Co.,* No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T–Mobile USA, Inc.,* No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007). **A factual basis for the allegations is needed to satisfy the first step.** *See Hall v. Burk,* No. Civ. 301 CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) (stating that "**[u]nsupported assertions of**

---

[1] It is noteworthy that Plaintiff fails to provide a single example of the alleged misrepresentation to the Court.
[2] Defendant' direct the Court to the Response which provides case authority and analysis as to the application of the stringent standard in such cases. In an effort maintain some sense of brevity, Defendant will not cut and paste the same argument.

-2-

MHDocs 6457250_1 15530.2

> **widespread violations are not sufficient to meet Plaintiff's burden.")**; *see also Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir. 1983).
>
> At the first stage, there must be a showing of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry Cnty. Sch. Sys.,* 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003) (citing *Sheffield v. Orius Corp.,* 211 F.R.D. 411, 416 (D. Or. 2002)); *see also Basco,* 2004 WL 1497709, at *5 (quoting *Heagney v. European Am. Bank,* 122 F.R.D. 125, 127 (E.D.N.Y. 1988) **(stating that certification is appropriate when some factual nexus binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice**)).

756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). Plaintiff clearly fails to meet its burden with respect to either proposed class.

**B.     Plaintiff Fails to Meet His Burden with Respect to Similarity**

As extensively detailed in Defendant's Response, employee titles and alleged violations of the law are insufficient to establish similarity. *See* Defendant's Response at ¶ VI, D. (citing *Harris v. Fee Transportation Services, Inc.,* No. Civ.A.3:05CV0077–P, 2006 WL 1994586, *4 (N.D. Tex. May 15, 2006)).  Rather, a plaintiff "must provide the court with some evidence establishing that the defendants subjected a group of similarly situated potential class members to a 'single decision, policy or plan' violating the provisions of the FLSA." *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008).  A plaintiff's failure or inability to establish a "single decision, policy or plan" is grounds to deny conditional certification. *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 509 (M.D. La. 2005).

As discussed in the Response, Plaintiff relied singularly on title and alleged violations of the law to establish similarity in its original Motion.  *See* Defendant's Response at ¶ VI, D.  Such reliance was flawed.  *Id*.  With respect to the broader, unidentified group of employees for which it now seeks certification, Plaintiff has jettisoned the title argument, and instead, relies solely on alleged violations of the law: "[C]urrent and former Pipe Pros employees who were (and

-3-

continue to be) subject to a company-wide illegal compensation practice." *See* Plaintiff's Reply at p. 2. Based on the same authority and analyses presented in the Response, Plaintiff's pared down argument is still flawed and still fails to meet his burden with respect to similarity. Again, for the sake of brevity, Defendant will not rehash the same argument. However, it bears noting again that Plaintiff has repeatedly admitted that he lacks any knowledge of similarity outside the confines of tripper and tong operators:

> Q. (Defendant's Counsel) Okay. And so who would those people be? If they're not trippers or tong operators, who else would it be?
>
> A (Plaintiff Gonzales) I don't know the complete pay scale of Pipe Pros. I'm sure they know that. They have that information, so they could probably give you that information.
>
> **Q No, but asking you for what you know.**
>
> **A And I don't you (*sic*) I don't know. I don't have that.**
>
> Q So, as we sit here today, the only groups of employees at Pipe Pros would be trippers and tong operators that you're aware of?
>
> Q Who are getting the salary, plus hourly?
>
> A At this time, yes.

*See* Exhibit "A-7," to the Response, Gonzales Deposition, pp. 67:5-21.

Defendant does not attack the credibility of the Gonzales Affidavit, as Plaintiff alleges in the Reply, because the affidavit supports Defendant's position. *See* the Reply, at II., B. "Under *Lusardi*, it is not enough for Plaintiffs to show that **some members** of the proposed class may be similarly situated to them. **Rather, Plaintiffs must offer some evidence that the proposed class, as a whole, is made up of individuals that are similarly situated to them.**" *Wilson v. Navika Capital Grp., LLC*, No. CIV.A. H-10-1569, 2011 WL 3020876, at *3 (S.D. Tex. July 22, 2011) (emphasis added). Specifically, Plaintiff's deposition testimony and affidavit establish that he lacks any personal knowledge of similarity with respect to the proposed class as a whole.

-4-

Instead, Plaintiff admits that he is unaware of any similarity outside the narrow group of tong and tripper operators. Thus, Plaintiff cannot conceivably – or credibly – argue that he has or is able to establish similarity for a class broader then what he admits to having personal knowledge; namely, tripper and tong operators. *See id*.

C.  **"Individualized inquiries required would eliminate the economy of scale envisioned by the FLSA collective action procedure."[3]**

In its Reply, Defendant argues that individualized inquiries are irrelevant at the notice stage and somehow merit based arguments. *See* the Reply at ¶ II., C. Such arguments lack even a veil of legal precedent. In *McKnight v. D. Houston, Inc.* – a case cited (incorrectly) by Plaintiff for the proposition that individual inquiries are merit based arguments, and thus, irrelevant – Judge Rosenthal considered whether a group of waitresses and bartenders were similarly situated for purposes of conditional certification under the FLSA. 756 F. Supp. 2d at 801. Despite recognizing that "[n]either stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations[,]" the Southern District of Texas Court correctly considered the issue of individualized inquiries: "Courts have refused to permit FLSA suits to proceed as collective actions if the individualized inquiries required would eliminate the economy of scale envisioned by the FLSA collective action procedure." *Id*. 798, 804 (internal quotations omitted); *see also Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1275 (M.D.Ala.2004); *Donihoo v. Dallas Airmotive, Inc.*, Civ. A. No. 3:97–CV–0109–P, 1998 WL 91256, at *1 (N.D. Tex. Feb. 23, 1998). Though finding that the case's individual inquires did not render the class improper for collective treatment, the Court recognized that cases requiring an inquiry into an individual employee's job duties should not be conditionally certified. *McKnight*, 756 F. Supp. 2d at 804.

---

[3] *McKnight*, 756 F. Supp. 2d at 801.

The same is true here. As detailed in the Response, the putative class's various employment positions, their differing conditions of employment, and the varying defenses available to Defendant inevitably require an individual inquiry into each putative class member's job duties. Without such an individualized inquiry, it will be impossible for the Court to properly consider the numerous classifications schemes applicable to the putative class.

For example, with respect to the FLSA's executive exemption, the Court will have to receive and consider evidence with respect to every time an employee classified under the executive exemption performed such activities as: interviewing, selecting, and training employees; maintaining production or sales records for use in supervision or control; appraising employee's productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked, and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures. *See Gellhaus v. Wal–Mart Stores, Inc.,* 769 F. Supp. 2d 1071, 1078 (E.D. Tex. 2011); *see also* Response at V., F, 1. Similar inquires will be necessary for the Motor Carriers Act exemption, administrative exemption, and outside sales exemption. *See Gellhaus,* 769 F. Supp. 2d at 1078; Response at V., F, 1. Accordingly, this case improper for collective consideration.

MHDocs 6457250_1 15530.2

### III. CONCLUSION

For the foregoing reasons, and as more fully described in Defendant's Response, Pipe Pros requests this Court deny Plaintiff's Motion for Conditional Certification or, in the alternative, direct the Parties to jointly modify the proposed notice.

Respectfully submitted,

**MUNSCH, HARDT, KOPF & HARR, P.C.**

By: */s/ Daniel D. Pipitone*
 Daniel D. Pipitone
 State Bar No. 16024600
 700 Milam Street, Suite 2700
 Houston, Texas 77002
 Telephone: (713) 222-1470
 Facsimile: (713) 222-1475
 dpipitone@munsch.com

**ATTORNEY IN CHARGE FOR DEFENDANT PIPE PROS, LLC**

**OF COUNSEL:**
**Munsch Hart Kopf & Harr**
700 Milam Street, Suite 2700
Houston, Texas 77002

**Michael A. Harvey**
Texas Bar No. 24058352
700 Milam Street, Suite 2700
Houston, Texas 77002
Tel: (713) 222-4015
Fax: (713) 222-5834
mharvey@munsch.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of ECF this 24th day of June, 2015:

Clif Alexander
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

Timothy D. Raub
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401

              */s/ Daniel D. Pipitone*
              Daniel D. Pipitone