IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY GONZALES, Individually and on behalf of all others similarly situated<br>*Plaintiff*,<br><br>v.<br><br>PIPE PROS, LLC<br>*Defendant*. | § § § § § § § § § § | CIVIL ACTION 2:15-cv-65 |

**DEFENDANT PIPE PROS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR HEARING**

Defendant Pipe Pros, LLC ("Pipe Pros") files this Response in Opposition to Plaintiff's Motion for Reconsideration ("Plaintiff's Motion") and Request for Hearing, and would respectfully show the Honorable Court as follows:

### I. RESPONSE TO MOTION FOR RECONSIDERATION

**A. Plaintiff's Motion Misstates the Applicable Standard.**

Despite numerous bites at the apple, Plaintiff's Motion once again fails to meets its burden with respect to similarity and "other aggrieved employees" wishing to join this lawsuit. Instead, Plaintiff misinterprets and misapplies the Court's ruling with respect to the original Motion for Conditional Certification, as well Judge Rosenthal's holding in *McKnight v. D. Houston, Inc.* Plaintiff cannot simply state that any Pipe Pro employee wants to join the lawsuit; indeed, **Plaintiff must provide evidence that *similarly situated employees* wish to join**. As held by Judge Rosenthal:

> The third *Lusardi* question is whether evidence shows that other aggrieved employees would want to join the class. [A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.' However, affidavits per

se are not required and a named plaintiff may submit some other form of evidence that the additional aggrieved persons exist and want to join the suit. **[A] district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements <u>and</u> with regard to their pay provisions.**

756 F.Supp.2d 794, 805 (S.D. Tex. Nov. 18, 2010) (Rosenthal, J.) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (emphasis added and internal citations and quotations omitted). Without question, Plaintiff has failed to identify the proper standard. In turn, he has failed to meet his burden.

> **B.  Plaintiff's Motion Fails to Provide Evidence of Similarly Situated Individuals Wishing to Join the Lawsuit.**

Plaintiff's Motion incorporates the consents to join suit of Brandon Semar and Dustin Stafford (the "Consent Plaintiffs"). However, Plaintiff's Motion fails to incorporate any firsthand or personal knowledge of the Consent Plaintiff's job duties or compensation. Rather, Plaintiff oddly relies on third party employees' declarations – who do not seek inclusion in the class – in which the third party employees aver to their own duties and pay. *See* Plaintiff's Motion at p. 1-2. Plaintiff clearly hopes the Court will make the uninformed assumption that because Plaintiff shares a job title with other declarants, they must share similar job duties and compensation. This is not always the case or the standard – as noted in prior decisions – and Plaintiff fails to provide evidence that they are, in fact, the same. *See Morisky v. Public Srvc. Electric & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000) ("**Even employees who hold the same job title do not necessarily perform the same work.**") (emphasis added).[1] One is left to wonder why a Plaintiff, who was able to procure consent signatures within just a few hours from being denied conditional certification, would not also procure executed affidavits to at least attempt to establish similarity as instructed by the Southern District. *See McKnighti,* 756

---

[1] The only similarity the Consent Plaintiffs appear to have with Plaintiff is their propensity for abandoning their positions with the company. Whereas, Stafford quit during the middle of a shift, Semar failed to appear for work and/or respond to numerous calls and texts messages regarding his whereabouts.

F.Supp.2d at 805 ("Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'").

It bears repeating again, a representative plaintiff, through the pleadings and other evidence in the record, must establish that the "opt-in employees are similarly situated to him in their job descriptions, job duties, and claims alleged." *Cohen v. Allied Steel Bldgs., Inc.*, 554 F.Supp.2d 1331, 1334 (S.D. Fla. 2008) (internal quotations omitted). Here, it is Plaintiff's and the putative class member's job duties that determine whether any are owed overtime, not their job title. Accordingly, Plaintiff must provide evidence of similar job duties and a single compensation scheme, not similar job titles. *See id*.

C. **Plaintiff is not Similarly Situated to the "Opt-in" Plaintiffs.**

As discussed in detail in prior briefing and at oral arguments, Plaintiff has not and cannot show that he is similarly situated to the overly broad and practically unlimited class currently defined by Plaintiff as:

> ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR PIPE PROS, LLC, AT ANY TIME FROM JANUARY 29, 2012 THROUGH THE PRESENT, AND WERE PAID A SALARY PLUS HOURLY JOB BONUS BUT NO OVERTIME.

**Even applying the lenient standard, Plaintiff still bears the burden to establish that he is similarly situated to the class as whole, not just a segment or subgroup of employees.** *McKnight*, 756 F. Supp. at 801. As admitted in Plaintiff's Motion, the Consent Plaintiffs performed separate and distinct jobs from Plaintiff – "floorhand" and "stabber," respectively – with differing job duties, at differing geographical locations, with different managerial requirements from different supervisors. Such differences will inherently require individual inquires and analysis; thus, conditional certification is inappropriate. *See England v. New*

-3-

*Century Fin. Corp.*, 370 F. Supp. 2d 504, 509 (M.D. La. 2005) (denying conditional certification where the potential opt-in plaintiffs performed different jobs at different geographic locations and were subject to different managerial requirements).

As indicated in oral arguments, even if Plaintiff is similarly situated to some class of Pipe Pros employees, he is clearly not similarly situated to the currently requested class, nor has he provided any evidence that he is similarly situated. In fact, Plaintiff's deposition testimony and affidavit establish that he lacks any personal knowledge of similarity with respect to the proposed class as a whole, much less stabbers and floorhands. Instead, Plaintiff freely admits that he is unaware of any similarity outside the narrow group of tong and tripper operators. *See* Exhibit "A-7," to the Response, Gonzales Deposition, pp. 67:5-21. Thus, Plaintiff cannot conceivably – or credibly – argue that he has or is able to establish similarity for a class broader then what he admits to having personal knowledge; namely, tripper and tong operators. *See id.*

## II. <u>REQUEST FOR HEARING</u>

At oral hearing on Plaintiff's Motion for Conditional Certification, the Court indicated that but for Plaintiff's inability to show other similarly situated employees wishing to join the lawsuit, the Court would have entertained arguments on the appropriate class definition. Because Plaintiff's consent filings create a new issue for oral argument, as well the lingering issue of the class definition, Pipe Pros respectfully requests the Court set Plaintiff's Motion for hearing.

## III. <u>CONCLUSION</u>

For the foregoing reasons, and as more fully described in Defendant's Response, Surreply, and oral arguments, Pipe Pros requests this Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

**MUNSCH, HARDT, KOPF & HARR, P.C.**

By: */s/ Daniel D. Pipitone*
    Daniel D. Pipitone
    State Bar No. 16024600
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile: (713) 222-1475
    dpipitone@munsch.com

**ATTORNEY IN CHARGE FOR DEFENDANT PIPE PROS, LLC**

**OF COUNSEL:**
**Munsch Hart Kopf & Harr**
700 Milam Street, Suite 2700
Houston, Texas 77002

**Michael A. Harvey**
Texas Bar No. 24058352
700 Milam Street, Suite 2700
Houston, Texas 77002
Tel: (713) 222-4015
Fax: (713) 222-5834
mharvey@munsch.com

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of ECF this 21st day of August, 2015:

Clif Alexander
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

Timothy D. Raub
RAUB LAW FIRM, P.C.
814 Leopard Street
Corpus Christi, Texas 78401

               */s/ Daniel D. Pipitone*
               Daniel D. Pipitone

MHDocs 6531132_1 15530.2